INLAND EMPIRE PAPER CO. v. HARTFORD STEAM BOILER INSPECTION & INS. CO. OF HARTFORD, CONN.

No. 11908.

Circuit Court of Appeals Ninth Circuit.

Aug. 31, 1948.

Witherspoon, Witherspoon & Kelley and William V. Kelley, all of Spokane, Wash., for appellant.

Paine, Lowe & Coffin, Alan G. Paine, and Alan P. O'Kelly, all of Spokane, Wash., for appellee.

Before MATHEWS, STEPHENS and HEALY, Circuit Judges.

654

## PER CURIAM.

This appeal is from the judgment of the District Court in favor of the defendant in an action to recover on an insurance contract covering the operation of a stationary engine. During the operation of the engine something occurred which permitted or caused the engine to run wild and to cause considerable damage. What occurred to permit of or to cause the excessive speed is the decisive issue in the case.

■ Subsequently to the untoward occurrence tests were made by running the engine in attempts to discover the cause of the trouble and results of the tests were testified to at the trial. Appellant objects to such evidence and claims reversible error here on the ground that the tests were not conducted under normal operational conditions. This factual claim is probably right but upon careful consideration of the evidence, we are of the opinion that the varying conditions did not affect the specific purposes of the tests. Moreover the case was tried without a jury and the tests in their circumstances were before the court by testimony and by argument for its appraisal.

■ Appellant also claims that the evidence in the case demonstrably fails to support the findings of fact upon which the judgment is premised. It would be profitless to here detail the mechanism involved in order to show why the court concluded, as it did, that the plaintiff-appellant had not sustained its burden of showing the trouble as having originated through an accident to the insured mechanism and therefore within the provisions of the insurance contract. Suffice it to say that we discern no clear error in the case. United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525.

Judgment affirmed.